**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

JEREMY G. LINDLEY,                          *
                                            *
                    Plaintiff,              *
v.                                          *
                                            *        No. 1:19cv00014-JJV
NANCY A. BERRYHILL,                         *
Acting Commissioner of Social Security,     *
                                            *
                    Defendant.              *

**MEMORANDUM AND ORDER**

Plaintiff, Jeremy Lindley, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits. The Administrative Law Judge (ALJ) concluded Mr. Lindley had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers which he could perform despite his impairments. (Tr. 13-24.)

This review is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether the Plaintiff was denied benefits due to a legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in the case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Mr. Lindley is forty-two years old. (Tr. 34.) He testified he is a high school graduate and received vocational training as an electrician. (*Id.*) He has past relevant work as an apprentice electrician. (Tr. 21.)

The ALJ[1] found Mr. Lindley met the disability eligibility requirements to apply for disability insurance benefits. (Tr. 15.) He has not engaged in any substantial gainful activity since the alleged onset date. (*Id.*) He has severe impairments, but the ALJ found that these impairments did not meet or equal one of the listed impairments in 20 C.F.R. Part 4, Subpart P, Appendix 1.[2] (Tr. 16-17.)

The ALJ determined Mr. Lindley had the residual functional capacity ("RFC") to perform a reduced range of sedentary work. (Tr. 17.) Based on this RFC, the ALJ determined he could no longer perform his past work. (Tr. 21.) Therefore, the ALJ utilized the services of a vocational expert (VE) to determine if jobs existed that Mr. Lindley could perform despite his impairments. (Tr. 49-53.) Given the VE's testimony, the ALJ determined Mr. Lindley could perform the jobs

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

of fishing reel assembler and document preparer.  (Tr. 22.)  Accordingly, the ALJ determined Mr. Lindley is not disabled.  (Tr. 23.)

The Appeals Council received additional evidence but denied Mr. Lindley's request for a review of the ALJ's decision.  (Tr. 1-5.)  Therefore, the ALJ's decision is the final decision of the Commissioner.  (*Id.*)  Plaintiff filed the instant Complaint initiating this review.  (Doc. No. 2.)

In support of his Complaint, Plaintiff argues that the ALJ failed to give appropriate consideration to the opinions of his treating physicians.  (Doc. No. 10 at 16-19.)  While Plaintiff fairly calls into question the ALJ's written assessment of the medical evidence, I do not find reversible fault here.  Plaintiff correctly argues that the ALJ did not give any particular weight to Plaintiff's treating doctors.  However, none of his treating doctors made any conclusions about Plaintiff's ability to work.  Only the State Agency doctors gave opinions about Plaintiff's RFC.  Since Plaintiff's doctors did not provide any opinions, the ALJ correctly recited the medical evidence without giving specific weight to the treating doctors.

This case is somewhat difficult.  Plaintiff clearly has chronic pain and experiences some degree of limitation.  However, I find the ALJ fairly accounted for these limitations by determining Plaintiff was limited to a reduced range of sedentary work.  Additionally, I recognize that some of the treatment notes show improvement from treatment, (Tr. 569, 658), and examination notes fail to show Mr. Lindley is precluded from all forms of work activities.  (614-15, 932-34.)

It is curious that treatment notes routinely report, "The Patient works 8-12 hours per day." (Tr. 376, 398, 421, 430, 433, 436, 473, 567, 866, 870, 873, 877, 881, 884, 890, 893, 896, 932, 941, 946, 952.)  On their face, the notes state that Meraj N. Siddiqui, M.D., believed Mr. Lindley was working while undergoing treatment.  This is important because treatment notes do not show Dr. Siddiqui counseling Plaintiff to cease working.  I recognize Plaintiff has offered an explanation

for the existence of this statement in the treatment notes.  (Tr. 41.)  However, Plaintiff is reminded it is his burden to prove disability and this evidence greatly cuts against his claim of complete disability.

Plaintiff also argues that the ALJ failed to resolve a conflict between his RFC determination and the jobs identified that Plaintiff could perform despite his limitations.  (Doc. No. 10 at 25-28.) Specifically, Mr. Lindley argues that the jobs identified require overhead reaching in excess of the ALJ's RFC determination.

The Commissioner counters and cites to the transcript whereby the VE specifically addresses this concern.  The pertinent testimony from the hearing was as follows:

> ALJ: Mr. Turner, this overhead reach issue that I asked you to factor represents a deviation from the *Dictionary of Occupational Title* components. Can you tell us your basis that you relied on to recommend these jobs with that profile in mind?
>
> VE: Yes, sir. For almost 25 years I have been a vocational counselor, and these are sedentary jobs, and these jobs do not the person is not responsible or required, I should say, to do any overhead with either hand or either arm. And in my knowledge, understanding, and experience, I am submitting that as part of my testimony today, along with the *DOT*.
>
> ALJ: And, Mr. Turner, you have formal education in your field. Is that correct?
>
> VE: Yes. I have a master's degree, and I am certified.
>
> ALJ: All right. Thank you, Mr. Turner.

(Tr. 51-52).

Given this testimony, I find the ALJ adequately addressed the conflict here.  Plaintiff provides no basis to discount the VE's testimony on this point.  I disagree with Plaintiff's contention that the VE provided only a "boilerplate response" here and  find Plaintiff's argument to be without merit.

Plaintiff has advanced other arguments[3] that I have considered and find to be without merit. Plaintiff clearly suffers from some degree of limitation - especially given the combination of his impairments. His counsel has done an admirable job advocating for his rights in this case. However, the objective medical records simply fail to support a claim of *complete disability*. Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

As the ALJ concluded, ". . . the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (Tr. 19.) The ALJ's conclusion is supported by the objective medical evidence.

Plaintiff had the burden of proving his disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, he bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has not met that burden. The ALJ accurately accounted for the limitations supported by the record and correctly concluded Plaintiff could perform a reduced range of sedentary work activities.

It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which

---

[3] Including the disability screener relied on incomplete records, the ALJ's RFC assessment is flawed, and the ALJ's hypothetical question posed to the VE was flawed.

contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is ample evidence on the record as a whole that a "reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex. Rel. Reutter v. Barnhart*, 372 F.3d 946 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed, and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 27th day of June 2019.

_____
JOEL J. VOLPE
UNITED STATES MAGISTRATE JUDGE